UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ELROY PRATER and
DEITRA PRATER,

    Plaintiffs-Appellees,

                                      Case No. 08-12340
v.                                     Hon. Lawrence P. Zatkoff

DERRICK A. BEELER,

    Defendant-Appellant.
_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on November 17, 2008

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

## I. INTRODUCTION

This matter comes before the Court on Appellant's appeal of the decision of the United States Bankruptcy Court for the Eastern District of Michigan denying Appellant's motion to set aside default judgment. Appellees have submitted a brief on appeal, and Appellant has submitted a reply brief. The Court finds that the facts and legal arguments are adequately presented in the parties' papers such that the decision process would not be significantly aided by oral argument. Therefore, pursuant to Fed. R. Bankr. P. 8012, it is hereby ORDERED that the appeal be resolved on the briefs submitted. For the reasons set forth below, the Court finds that the Bankruptcy Court's decision denying Appellant's motion to set aside default judgment should be AFFIRMED.

## II. BACKGROUND

In an underlying state-court action, Appellees sued Appellant, alleging that the latter

defrauded them in an equity-stripping mortgage scheme. Appellant did not answer the complaint, and Appellees obtained a default judgment in the amount of approximately $576,355 against him in Oakland County Circuit Court. By virtue of that default judgment, Appellees are unsecured creditors of Appellant.

Subsequently, Appellant filed a Chapter 7 bankruptcy proceeding. Appellees in turn filed an adversary complaint to exempt the debt owed to them from discharge. This complaint was properly served on Appellant, but Appellant failed to respond. On April 11, 2008, a default was entered against Appellant. On April 24, 2008, having no response from Appellant, the Bankruptcy Court entered a default judgment against Appellant, determining the debt to be exempt from discharge. On May 2, 2008, Appellant, proceeding *in pro per*, filed a motion to set aside the default judgment and to permit Appellant to obtain counsel and file an answer. Appellant obtained counsel one day before the hearing, which was held on May 20, 2008, before Judge McIvor. At the May 20 hearing, Judge McIvor denied Appellant's motion after finding that he could not meet the standards of Fed. R. Civ. P. 60(b) nor could he establish a meritorious defense.

### III. LEGAL STANDARD

Under 28 U.S.C. § 158(a)(1), district courts have jurisdiction over appeals from "final judgments, orders, and decrees" of bankruptcy courts. As the Sixth Circuit has stated: "[f]or purposes of appeal, an order is final if it ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Cundiff v. Cundiff* (*In re Cundiff*), 227 B.R. 476, 477 (6th Cir. 1998) (citations and internal quotations omitted). An order granting a motion for default judgment is considered to be a final order. *Schoenlein v. Option One Mortgage Co.* (*In re Schoenlein*), 312 B.R. 600, 602 (B.A.P. 6th Cir. 2002). Similarly, denying a motion to set aside a

default judgment constitutes a final order. *Bavely v. Powell* (*In re Baskett*), 219 B.R. 754, 757 (B.A.P. 6th Cir. 1998). Decisions pertaining to default judgments are left to the discretion of the trial judges. *Meganck v. Couts* (*In re Couts*), 188 B.R. 949, 951–52 (Bankr. E.D. Mich. 1995). Therefore, the Court reviews the refusal to set aside a default judgment under the abuse-of-discretion standard. *In re Baskett*, 219 B.R. at 757.

An abuse of discretion occurs "only when the [trial] court relies upon clearly erroneous findings of fact or when it improperly applies the law or uses an erroneous legal standard." *Volvo Commercial Fin. LLC the Americas v. Gasel Transp. Lines, Inc.* (*In re Gasel Transp. Lines, Inc.*), 326 B.R. 683, 685 (B.A.P. 6th Cir. 2005) (citing *Schmidt v. Boggs* (*In re Boggs*), 246 B.R. 265, 267 (B.A.P. 6th Cir. 2000)). The governing inquiry when deciding whether an abuse of discretion occurred "is not how the reviewing court would have ruled, but rather whether a reasonable person could agree with the bankruptcy court's decision; if reasonable persons could differ as to the issue, then there is no abuse of discretion." *Barlow v. M.J. Waterman & Assocs.* (*In re M.J. Waterman & Assocs.*), 227 F.3d 604, 608 (6th Cir. 2000).

## IV. ANALYSIS

Appellant sets forth various arguments and explanations for his defaults throughout this matter. First, he claims that his attorney in his Chapter 7 bankruptcy case did not file an answer on his behalf. After his bankruptcy attorney failed in this regard, Appellant intimates that he sought new counsel but that attorney suffered a heart attack. Second, Appellant contends that he contacted Appellees and their counsel, all of whom told Appellant that they "were not after him." Appellant further explains that he was under the impression that if he cooperated with Appellees and divulged certain information, he would not be a subject of their suit. Third, Appellant claims to have received

3

a notice from Appellees that they had withdrawn their application for a default judgment. Next, Appellant argues that he acted promptly in filing his motion to set aside the default judgment. Fifth, Appellant maintains that he possesses a meritorious defense—that he was an "unwitting pawn" in the fraudulent scheme. Further, Appellant suggests that Appellees cannot show justifiable reliance, which is a required element of bankruptcy fraud. Finally, Appellant points out that his own mother lost her home to the fraudulent scheme—a fact Appellant considers to be suggestive of his innocence. Throughout his briefings, Appellant consistently notes that the Sixth Circuit favors decisions on the merits of cases.

Appellees respond that Appellant has been unresponsive throughout every stage of the case, including the original state-court proceeding. Appellees and their counsel deny that they ever told Appellant that he would not be pursued if he provided information about other principals involved in the scheme. Appellees' counsel, in particular, contends that he has never so much as spoken with Appellant about any matter. With respect to the contention that Appellant was an "unwitting pawn," Appellees argue that he was, in fact, one of the principal members of the underlying fraudulent operation. Additionally, Appellees maintain that Appellant does not meet the standards delineated for overturning a default judgment nor does he possess a meritorious defense.

Pursuant to Fed. R. Bankr. P. 9024, the Court applies Fed. R. Civ. P. 60 when a party, as Appellant does here, seeks relief from a judgment or an order. Rule 60, applied by the Bankruptcy Court in denying Appellant's motion to set aside the default judgment, indicates the grounds upon which such relief may be granted. Fed. R. Civ. P. 60(b). Of those grounds, Appellant cites "(1) mistake, inadvertence, or excusable neglect . . . (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party . . . and (6) any other reason that

4

justifies relief" as applicable to his motion. *Id.* If a defendant is able to satisfy the burden set forth in Fed. R. Civ. P. 60(b), then he or she must be able to demonstrate the existence of a meritorious defense and the absence of substantial prejudice to the plaintiff. *Waifersong, Ltd. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992).

At the hearing, Judge McIvor heard the arguments set forth above. After the parties concluded their positions, Judge McIvor denied Appellant's motion to set aside the default judgment. In doing so, she noted that "[t]he standard for denying a default judgment . . . is substantially higher than the standard for setting aside a default." Judge McIvor then listed several of the grounds set forth in Fed. R. Civ. P. 60(b) before concluding that "[n]othing that has been stated by [Appellant's counsel] in defense of the motion to set aside the default judgment meets the very strict standard of Rule 60(b). I am satisfied that none of those conditions have been met." She further noted that even if she determined that the standard of Rule 60 had been met, Appellant had not set forth "sufficient indication of a meritorious defense here." The level of proof set forth in Appellant's attempt to establish a meritorious defense was not satisfactory, "when there's no evidence of mistake, inadvertence, excusable neglect, newly discovered evidence, or fraud." Judge McIvor ultimately concluded that Appellant "simply didn't respond to the motion—to the default."

Appellant has a history of ignoring the judicial system. He first ignored Appellees' state-court proceeding, which led to the entry of a default judgment against him. He next failed to answer Appellees' adversary complaint during bankruptcy proceedings. Then, when a default was once again entered against him, Defendant was similarly silent. Thirteen days passed before the entry of default ripened into a default judgment yet Appellant made no motion to set aside the default. Finally, on May 2, 2008, Appellant decided to respond. In light of Appellant's unresponsive history

5

and after reviewing the explanations set forth by Appellant, the Court finds that Judge McIvor did not abuse her discretion when finding that the default judgment did not result from mistake, inadvertence, surprise, or excusable neglect. Because the Court concludes that Judge McIvor did not abuse her discretion in this regard, it need not evaluate Judge McIvor's determination that Appellant could not establish a meritorious defense.

## V.  CONCLUSION

For the above reasons, the Bankruptcy Court's decision denying Appellant's motion to set aside default judgment is AFFIRMED.

IT IS SO ORDERED.

S/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated:  November 17, 2008

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on November 17, 2008.

S/Marie E. Verlinde
Case Manager
(810) 984-3290